IN RE ESTATE OF REECK, DECEASED.

[Cite as In re Estate of Reeck (1986), 21 Ohio St. 3d 126.]

(No. 85-407—Decided January 22, 1986.)

*Frank J. P. McManus,* for appellee.

*Edward A. Van Gunten & Co., L.P.A.,* and *Edward A. Van Gunten,* for appellant.

WRIGHT, J.    Before we address the merits of this case, we must first inquire as to whether the court of appeals abused its discretion in denying appellant's motion to supplement the record. The court of appeals refused to consider appellant's assignment of error challenging the distribution of the insurance proceeds because the record did not contain Reeck's insurance contract.

App. R. 9(E) grants an appellate court the power to conform the record so that material inadvertently omitted is included. The rule is to be construed liberally. As this court stated in *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, at 192 [23 O.O.3d 210], and recently reaffirmed in *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, at 222: "* * * [I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds."

The explicit finding by the court "* * * that the proceeds * * * are being paid under the terms and conditions of the * * * State Farm Mutual Automobile Insurance Company policy, according to its terms and conditions * * *," and the court's reference to the insurance policy by number in its judgment entry compels us to assume the policy was before the trial court when it decided the case. We believe the omission of the policy in the record on appeal was inadvertent.

Supplementing the record has been permitted to add unreported matters where it was deemed necessary to make the record conform to the truth. See *Gibson* v. *Southern Pacific Co.* (1955), 137 Cal. App. 2d 337, 162 Cal. Rptr. 177, 290 P. 2d 347; *People* v. *Brooks* (1980), 26 Cal. 3d 471, 162 Cal. Rptr. 177, 605 P. 2d 1306. There is simply no dispute as to the terms of the insurance policy in question. Thus, based upon the facts and circumstances of the instant case we hold that supplementing the record with the insurance policy is appropriate.

This case raises the issue of whether a settlement recovered pursuant

to the uninsured motorist provision of an insurance policy is to be considered the proceeds of an insurance contract payable to the deceased insured's estate or as damages distributable under the Wrongful Death Act. Implicit in the decision reached herein is the premise that an insurer issuing a policy providing coverage for injuries caused by uninsured motorists is liable under this type of coverage for damages recoverable for the wrongful death of the insured. The question remains as to whom payment of loss under such a policy may properly be made if the insured is deceased. This is a case of first impression in the state of Ohio.

Having carefully considered the uninsured motorist statute, the language of the insurance policy and the case law in this and other jurisdictions, we find that the proceeds of a settlement agreement reached pursuant to the uninsured motorist provision of the policy represent damages caused by a negligent and uninsured motorist. In the case of the death of an insured, the settlement proceeds under an uninsured motorist provision are to be distributed among those persons who are entitled by statute to bring a wrongful death action.

According to the language of the uninsured motorist statute, this mandated coverage is "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, *including death,* resulting therefrom." R.C. 3937.18(A)(1). (Emphasis added.) Therefore, it is clear that it was the intention of the General Assembly in requiring insurance companies to provide uninsured motorist coverage that recovery be had for wrongful death.

We have consistently held that the purpose of uninsured motorist coverage is to provide coverage for bodily injuries or death caused by another who is at fault. *Abate* v. *Pioneer Mut. Cas. Co.* (1970), 22 Ohio St. 2d 161, 165 [51 O.O.2d 229]; *Curran* v. *State Automobile Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33, 38 [54 O.O.2d 166]; *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50, 52 [62 O.O.2d 406].

The great weight of authority in other jurisdictions supports the proposition that in the case of death of an insured as a consequence of the negligence of an uninsured driver, those parties who are by statute entitled to bring a wrongful death action may recover under the uninsured motorist provision of the decedent's automobile insurance policy without regard to whether the coverage is mandated by statute or provided by voluntary contract. *M.F.A. Mut. Ins. Co.* v. *Lovins* (D. Ark. 1965), 248 F. Supp. 108 (applying Arkansas law); *Lopez* v. *State Farm Fire & Cas. Co.* (1967), 250 Cal. App. 2d 210, 58 Cal. Rptr. 243; *Zeagler* v. *Commercial Union Ins. Co.* (Fla. App. 1964), 166 So. 2d 616, writ of certiorari discharged (1965), 172 So. 2d 450; *Davis* v. *United States Fid. & Guar. Co.* (Fla. App. 1965), 172 So. 2d 485; *Netherlands Ins. Co.* v. *Moore* (Fla. App. 1966), 190 So. 2d 191, 24 A.L.R. 3d 1316; *Sterns* v. *M.F.A. Mut. Ins. Co.* (Mo. App. 1966), 401 S.W. 2d 510.

In view of the foregoing, it is clear that Betty Hill was entitled to recover damages from the uninsured motorist for the death of her father. The uninsured motor vehicle section of the policy includes in its definition of "insured," "any person entitled to recover damages because of bodily injury to an insured * * *." Because Betty Hill would, under R.C. 2125.02, be "entitled" to maintain a wrongful death action for the death of her insured father, we hold that she too is an "insured" within the meaning of the State Farm policy.

The settlement proceeds received by Blanche Reeck, as executrix of Donald Reeck's estate, are damages suffered by and distributable among those entitled to maintain a wrongful death action. Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed
and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

HOLMES, J., dissents.

CLIFFORD F. BROWN, J., concurring. I concur in the syllabus and just result reached today in this case. However, the majority opinion states that we have consistently held that the purpose of uninsured motorist coverage is to provide coverage for bodily injuries or death caused by another who is at fault, citing the *Abate* v. *Pioneer Mut. Cas. Co.* (1970), 22 Ohio St. 2d 161 [51 O.O.2d 229], *Curran* v. *State Automobile Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33 [54 O.O.2d 166], and *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 [62 O.O.2d 406] cases. That statement is inaccurate because it is incomplete. What we actually and correctly stated in *Abate* and *Curran, supra,* was that uninsured motorist coverage is designed to protect *persons* injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. *Abate,* at 165; *Curran,* at 38.

We reaffirmed this proposition in the later case of *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593, at 595 [23 O.O.3d 495], where we recited the foregoing language from *Abate* and *Curran, supra,* and further explained:

"* * * We also concluded in *Bartlett, supra,* that '* * * the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance.' This statement of the legislative purpose was repeated

in *Shearer* v. *Motorists Mutl. Ins. Co.* (1978), 53 Ohio St. 2d 1, 7 [7 O.O.3d 1].

"Thus, we have consistently determined that the public policy of the uninsured motorist statute is *to protect persons* injured in motor vehicle accidents from losses because of the tort-feasor's lack of liability insurance coverage. * * *" (Emphasis added.)

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing concurring opinion.

HOLMES, J., dissenting. In my view, the precise question presented for review is whether a person who may have an action for wrongful death against an uninsured motorist may properly interrupt the flow of insurance proceeds from the insurer to the insured's estate. No action for wrongful death has been filed in the case at bar, and any question as to who could collect in such an action is not before the court. The daughter of the deceased merely disputed the disposition of the insurance proceeds in the probate court, which made the factual determination that the proceeds were to be paid under the terms of the policy to the decedent's estate.

Simply because one may have a cause of action against the person whose wrongful act, neglect or default caused the death of another under R.C. 2125.01 does not convert a daughter of the insured into an "insured" under an insurance contract which provides proceeds will be paid when "an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*" Even though the insurance proceeds may represent damages caused by a negligent and uninsured motorist, the standard insurance contract, such as the one here involved, distributes proceeds according to its terms. Since the insurance contract was between State Farm Mutual Automobile Insurance Company and Donald Reeck as the "insured," it is he, and his estate upon his death, to whom the proceeds are payable. Therefore, the executrix of his estate had a duty to collect assets to which the deceased was entitled. R.C. 2113.25. It is the executrix who is responsible for all rights, including personal injury actions, of the deceased, R.C. 2113.31, and it is she who should collect the insurance proceeds on behalf of Donald Reeck.

The purpose of uninsured motorist coverage is to provide "protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *," (emphasis added) R.C. 3937.18(A)(1), not to provide a fund for the benefit of any person not a party to the contract who might have some alleged cause of action against an uninsured motorist. Since the insurance policy terms are not in dispute, neither should be the party to whom the proceeds are payable under it. It also follows that there is no abuse of discretion in denying a motion to supplement the record in order to include the undisputed policy. It simply includes the standard uninsured motorist

coverage mandated by R.C. 3937.18 and was not crucial to the resolution of the issue before the court below and on appeal.

Accordingly, I would affirm the judgment of the court of appeals.