**In re ESTATE OF CRAIG.**

[Cite as *In re Estate of Craig* (1993), 89 Ohio App.3d 80.]

Court of Appeals of Ohio,
Butler County.

No. CA91–11–183.

Decided Aug. 9, 1993.

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* and *D. Arthur Rabourn,* for appellee, Carol Sansone.

*Joseph Wessendarp,* for appellant, James J. Craig.

*Patricia S. Oney,* Administrator of the Estate of Heather Craig.

WILLIAM W. YOUNG, Judge.

Appellant, James J. Craig, appeals a decision of the Butler County Probate Court approving a distribution of proceeds in a wrongful death settlement attained after the death of his daughter, Heather Craig. For the reasons that follow, we affirm.

On November 17, 1989, Heather Craig died as a result of the severe injuries she sustained in an automobile accident twelve days earlier. Heather Craig was a passenger in an automobile being driven by Vanessa Singleton, a minor at the time of the accident.

According to a schedule of claims filed in the probate court against Heather Craig's insolvent estate, Heather Craig incurred $64,036.50 in medical expenses prior to her death. Her medical insurance carrier paid $59,861.50 of these expenses while appellant, obligated by a custody agreement to pay his daughter's noncovered medical expenses, paid $3,500 of the remaining expenses. The balance of unpaid medical expenses is $675. In addition, appellant paid his daughter's funeral and burial expenses totaling $4,656.40.

Initially, appellant and appellee, Carol Sansone, appellant's former wife, filed separate applications for authority to administer their daughter's estate for purposes of maintaining a wrongful death action. The parties subsequently waived their authority to administer the estate and agreed to the appointment of attorney Patricia S. Oney, as administrator of the estate for purposes of a wrongful death action. Oney apparently selected two attorneys to represent her

as the personal representative in the wrongful death action, D. Arthur Rabourn, appellee's attorney, and George S. Maley, appellant's attorney.

On July 19, 1991, Oney filed an application for approval of a $25,000 wrongful death settlement with Colonial Insurance Company, Singleton's insurer. The probate court approved the settlement on September 13, 1991. Pursuant to the court's entry, the $25,000 settlement was distributed as follows:

| | |
|---|---|
| Proceeds of settlement | $25,000.00 |
| Less: | |
| Fiduciary fee to Patricia S. Oney, Esq. | 620.00 |
| Attorney fees to Waite, Schneider, Bayless & Chesley Co., L.P.A. (Rabourn's law firm) | 5,750.17 |
| Total deductions | 6,370.17 |
| Net proceeds of settlement | $18,629.83 |
| Less: Payments to beneficiaries | |
| Carol Sansone $9,314.91 | |
| James J. Craig 9,314.91 | |
| Total payments to beneficiaries | $18,629.83 |

Maley did not receive a fee distribution because appellant discharged him at some point before the settlement. The probate court ordered that none of the settlement proceeds were to be applied toward the reimbursement of Heather Craig's medical or funeral expenses.

Appellant's sole assignment of error on appeal is that the probate court erred by approving the distribution of the settlement proceeds. Within this assignment, appellant presents three issues for review.

First, appellant contends that the probate court violated R.C. 2125.03(B) by failing to distribute funds to reimburse him for his daughter's funeral and burial expenses.

R.C. 2125.03(B) states as follows:

"The court shall distribute the amount of funeral and burial expenses awarded, or received by settlement, by reason of the death to the personal representative of the decedent, to be expended by the personal representative for the payment, or as reimbursement for the payment, of the expenses."

R.C. 2125.03(A) requires the court to adjust the share of each beneficiary of a wrongful death settlement "in such manner as is equitable."

Appellant asserts that the language "shall distribute the amount of funeral and burial expenses awarded" required the probate court to allocate funds to reimburse him for the funeral and burial expenses. We do not agree that the language of R.C. 2125.03(B) requires such an interpretation.

A plain reading of R.C. 2125.03(B) indicates that the court is required to approve the distribution of funds for funeral and burial expenses only when these expenses are awarded by the judge or jury after a trial or earmarked in a

settlement agreement. When read in conjunction with R.C. 2125.03(A), which only requires settlement proceeds in a wrongful death action to be equitably divided, it is without question that a court is not required to provide for or approve funeral and burial expenses in a wrongful death settlement. See *In re Estate of Turnbaugh* (Mar. 30, 1984), Portage App. No. 1356, unreported, 1984 WL 6303.[1] Rather, the decision whether to allocate settlement funds for funeral and burial expenses is discretionary.

In the present case, the record fails to demonstrate that the probate court abused its discretion in refusing to allocate a portion of the settlement proceeds to appellant for funeral and burial expenses. Singleton, the driver of the automobile, was found to be delinquent by the Butler County Juvenile Court for committing vehicular homicide. As part of her sentence, the juvenile court ordered Singleton to pay restitution in the amount of the funeral bill. The probate court relied on this juvenile court decision in deciding not to allocate funds for the funeral and burial expenses. Specifically, the court stated that appellant "may pursue his remedies relative to reimbursement of funeral expense through the Juvenile Court of Butler County, Ohio." We cannot conclude that the probate court's reliance on a valid court order in deciding not to award funeral or burial expenses is an abuse of discretion. Appellant's first issue presented for review is not well taken.

Second, appellant argues that the probate court abused its discretion in awarding attorney fees to Rabourn as a percentage of the total settlement. Appellant's position is that because Rabourn is appellee's attorney, he should be paid from her share of the distribution.

C.P.Sup.R. 39 governs counsel fees in connection with the settlement of claims for wrongful death: "When representation is on a contingent fee basis, counsel will be allowed fees on the amount obtained, subject to the approval of Court." In addition, it is well settled that executors and administrators have discretion in selecting counsel to represent them in their role as fiduciary. *In re Estate of Deardoff* (1984), 10 Ohio St.3d 108, 109, 10 OBR 434, 461 N.E.2d 1292, 1293.

In the present case, appellant agreed in writing to allow Oney to enter into a contingent fee contract with "counsel representing her as Administrator of the Estate of Heather Craig, deceased, for prosecution of a survivorship and wrongful death claim." Appellee executed a similar authorization. Although the parties have been unable to produce a written fee contract, it is apparent from

---

1. The language of R.C. 2125.02(A)(2) reinforces our position. It states that in a wrongful death trial the judge or jury "may award" reasonable funeral and burial expenses. Additionally, R.C. 2125.02(A)(2) specifies that "the jury or court shall set forth separately the amount, *if any*, awarded for the reasonable funeral and burial expenses * * *." (Emphasis added.)

the record that Oney and Rabourn agreed to a contingent fee of twenty percent, which the probate court followed in approving the distribution. Appellant's signature also appears on the "application for authority to administer estate for purposes of maintaining wrongful death action," which is signed by Oney as the applicant and by Rabourn and Maley as attorneys for the applicant.

Upon review of these documents, we conclude that appellant acquiesced in Oney's decision to employ her counsel on a contingent fee basis as well as in Oney's selection of the attorneys to represent her as fiduciary. In addition, appellant has presented absolutely no evidence that Oney abused her discretion in making that selection. For example, appellant has not demonstrated that Rabourn represented adverse interests while pursuing the wrongful death action or that appellant was prejudiced by Rabourn's representation. In fact, as indicated above, appellant and appellee benefited equally in the settlement. Based on these findings, we conclude that the probate court properly allowed Rabourn a twenty percent contingent fee. Also, because C.P.Sup.R. 39 allows fees "on the amount obtained" in a wrongful death settlement, the court correctly awarded Rabourn's fee as a percentage of the total settlement. Appellant's second issue presented for review is not well taken.

■ Finally, appellant argues that the probate court erred in failing to divide the settlement proceeds between the wrongful death action and Heather Craig's insolvent estate. Appellant reasons that a portion of the settlement proceeds must be allocated to Heather Craig's potential survivor claims and then distributed under the laws of intestate succession because Oney executed a release of all claims against Singleton.

"Even though they are usually litigated in the same proceeding, a wrongful death action and a survival action are distinct legal remedies. The former is for the exclusive benefit of the beneficiaries listed in R.C. 2125.02 and is meant to cover pecuniary and emotional loss suffered by those beneficiaries as a result of the death. In the personal injury context, the latter is merely the action the decedent could have brought for the injuries he suffered and is generally for the benefit of the estate." *In re Estate of Ross* (Nov. 24, 1989), Geauga App. No. 88–G–1487, unreported, at 5–6, 1989 WL 143206, citing *Gibson v. Solomon* (1939), 136 Ohio St. 101, 16 O.O. 36, 23 N.E.2d 996, and *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477.

In addressing appellant's argument, we first note that, as in his two previous issues presented for review, appellant does not cite a single case supporting his position. Also, because the record does not contain a copy of Singleton's insurance policy or of the release allegedly executed by Oney, we cannot adequately review the consequences of the release. In any event, appellant has overlooked one fundamental principle that is fatal to his argument: Settlement

funds recovered by the personal representative in a wrongful death action for exclusive distribution to the statutory beneficiaries are not an asset of the decedent's estate. *Fogt v. United Ohio Ins. Co.* (1991), 76 Ohio App.3d 24, 600 N.E.2d 1109. See, also, *In re Estate of Reeck* (1986), 21 Ohio St.3d 126, 21 OBR 429, 488 N.E.2d 195; McCormac, Wrongful Death in Ohio (1982) 157, 160, Section 10.05.

In the present case, there is no indication in the record that the funds received from Colonial Insurance constituted anything but a wrongful death settlement for exclusive distribution to the statutory beneficiaries. Therefore, the settlement proceeds in the present case are not assets of Heather Craig's estate. Accordingly, the probate court had no obligation to allocate a portion of the proceeds to the intestate estate for either general claims filed against the estate or potential survivor claims. Our conclusion holds true even if Oney did execute a valid release of Heather Craig's potential survivor claim against Singleton. Appellant's final issue presented for review is therefore not well taken.

Because we have rejected the three arguments comprising appellant's sole assignment of error, that assignment is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WALSH, J., concur.