**In re ESTATE OF HAMRICK.**

[Cite as *In re Estate of Hamrick* (1998), 126 Ohio App.3d 624.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18378.

Decided March 18, 1998.

*James T. Ball,* for appellant.

*George R. Wertz,* for appellee.

BAIRD, Judge.

This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

Attorney James T. Ball appeals from the decision made by the Summit County Court of Common Pleas, Probate Division, which rejected a contingent fee agreement between Ball and the estate of Matthew Hamrick and found invalid a settlement agreement allegedly reached between the estate and the defendants in a wrongful death action. We affirm.

Matthew Hamrick died on March 25, 1994. Roy Hamrick, Matthew's father, was appointed administrator of Matthew's estate by the probate court on January 12, 1995. Attorney James T. Ball filed a wrongful death action on behalf of Roy Hamrick individually and as administrator of Matthew's estate against Tallmadge Family Medical Center, Inc., Dr. Crocker, and Dr. Csernyik (collectively, "the defendants"). As administrator, Hamrick entered into a contingent fee contract with Ball; which provided that the administrator would pay Ball forty percent of a settlement or trial judgment plus reimbursement of expenses and costs.

The defendants in the wrongful death case made a settlement offer of $275,000 on December 29, 1995. Having made oral statements indicating acceptance of the offer, administrator Hamrick ultimately notified the defendants that he was having "second thoughts" about the settlement. Hamrick never signed a release of claims. On January 25, 1996, attorney George Wertz entered an appearance as attorney for the estate in the probate proceedings. Hamrick then hired attorneys William Whitaker and Mary Rowlands to represent the estate in pursuit of the wrongful death claim. Hamrick sent Ball a letter on April 4, 1996, serving formal notice that he was ending Ball's legal representation of matters involving the estate or Hamrick. There was testimony that Hamrick orally terminated his relationship with Ball in February 1996.

Upon the motion of the defendants, the trial court in the general division ordered the enforcement of the settlement agreement on March 1, 1996. On March 13, 1996, the estate's new attorney, George Wertz, moved the probate court for a hearing to determine the validity of the contingent fee agreement between Hamrick and Ball. Hamrick filed an "application to approve wrongful

death settlement or distribution," wherein he asked the court to allow reasonable attorney fees to be paid to Ball and, in effect, asked the court to disapprove the proffered settlement. Hamrick later moved for findings of fact and conclusions of law on the issues of the contingent fee contract and the settlement agreement. A hearing was held before a magistrate on June 13, 1996. The defendants moved for enforcement of the settlement agreement.

On October 23, 1996, the magistrate rejected the contingent fee agreement between Ball and Hamrick on the grounds that it had not received prior court approval. The magistrate also decided that the trial court's order enforcing the settlement should be undone because it failed to comply with a statute mandating probate court consent for settlement agreements between an estate administrator and a defendant.[1] The probate court journalized its final adoption of the magistrate's decision, overruling the defendants' objections thereto, on January 24, 1997. Ball appeals, assigning two errors.

## I

Appellant's first assignment of error states:

"The probate court erred as a mater of law in failing to find that there was a valid and enforceable contingent fee agreement where the parties agreed in writing to the contract and the contract was ratified under oath."

■ The probate court scrupulously followed the precedent of this court in rejecting the contingent fee agreement. C.P.Sup.R. 40(H)[2] requires prior probate court approval of a contingent fee contract entered into between an attorney and a fiduciary and provides "ample authority for a probate court to reject a contingent fee contract which has not received prior court approval." *In re Estate of Messner v. Kaforey* (Dec. 15, 1993), Summit App. No. 16270, unreported, at 4, 1993 WL 526683; see, also, *Brown v. Haffey* (1994), 96 Ohio App.3d 724, 730, 645 N.E.2d 1295, 1299–1300; and *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86, 87–88. Having found that it had never approved the contingent fee agreement between Ball and Hamrick, the probate court cited that rule and these cases in rejecting the contingent fee agreement.

■ To gain relief on appeal, the attorney would have to demonstrate that the trial court abused its discretion. *In re Estate of Messner, supra,* at 4. Ball points

---

1. Upon defendants' motion, the trial court of the general division vacated its earlier order enforcing the settlement agreement.

2. That rule states: "Prior to a fiduciary entering into a contingent fee contract with an attorney for services, an application for authority to enter into the agreement shall be filed with the court."

out that one appellate district has found that a trial court erred by refusing to enforce a written contingent fee agreement, where the record indicated that the fiduciary had agreed on several occasions to the contingency fee agreement and the court had taken an active role in the negotiation and settlement of the case. *In re Estate of Symsick* (Sept. 1, 1995), Richland App. No. 95CA92, unreported, 1995 WL 557417; see, also, *In re Estate of Craig* (1993), 89 Ohio App.3d 80, 84, 623 N.E.2d 620, 623–624. However, Ball points to no evidence in the record to indicate that the probate court took an active role in the negotiation and settlement of the case.

 In holding that a trial court may enforce a contingent fee agreement based upon the amount of the settlement in the absence of prior court approval, the court in *In re Estate of Craig, supra,* considered that there was no evidence that the estate was prejudiced by its representation by the attorney. In the case at bar, Hamrick testified that Ball "coerced" him to take the settlement initially. The estate called an experienced medical malpractice attorney (whose status as an expert witness was not challenged by Ball) who opined that the liability issue "was compromised to some extent" by Ball's failure to arrange for a post-mortem examination to be conducted by an organization unaffiliated with the defendants. That witness also opined that the settlement figure of $275,000 was "inadequate."[3]

Given the absence of evidence that the probate court took an active role in this case and the presence of evidence that Ball's representation prejudiced the estate, we refuse to find that the probate court abused its discretion in rejecting the contingent fee agreement. Ball's first assignment of error is overruled.

## II

Appellant's second assignment of error states:

"The probate court erred as a matter of law by failing to make a determination as to whether the settlement agreement entered into by the parties and enforced in the general division court should have been approved as fair and equitable."

 The only compensation Ball has sought in this action is the enforcement of his contingent fee contract with Hamrick, the amount to be realized therefrom by Ball being tied to the total to be recovered by the estate from a settlement with the defendants. Since we have affirmed the probate court's rejection of that

---

**3.** We bear in mind that it is a "fundamental rule of appellate review that evaluating evidence and assessing credibility are primarily for the trier of fact," and that thus "a reviewing court will not second-guess the trier of fact's conclusions as to the weight and credibility of the evidence presented." *Henderson v. Spring Run Allotment* (1994), 99 Ohio App.3d 633, 639, 651 N.E.2d 489, 494.

contract, we must conclude that Ball has no interest in the fate of the supposed settlement agreement between Hamrick and the defendant. As such, Ball has no standing to seek enforcement of a settlement agreement between the estate and the defendants. Ball's second assignment of error is overruled. The judgment of the probate court is affirmed.

*Judgment affirmed.*

SLABY, P.J., and QUILLIN, J., concur.