OPINION
In 1996, appellee, the Ohio State Board of Cosmetology, granted appellant, Tuan Pham dba Professional Nails, a salon license. On August 7, 1996, appellee's inspector, Justin Jones, conducted an inspection of the salon. During the inspection, Mr. Jones photocopied the employees' licenses and forwarded them to appellee for review.
Upon review, appellee discovered license number 95-0307, issued to a female named Duyen My Thi Le, had been previously submitted by appellant as proof of certification of an unidentified male. The license had been altered with the male's picture superimposed over the female's. As a result, appellant was cited for violating R.C. 4713.20, operating a nail salon with an unlicensed person performing cosmetology services.
On March 25, 1997, a review hearing was held per appellant's request. By order dated June 19, 1997, appellee upheld the citation and imposed a $100 fine and suspended appellant's business license for ninety days.
On July 25, 1997, appellant filed a notice of appeal with the Court of Common Pleas of Stark County, Ohio. On September 23, 1997, appellee filed a motion to dismiss for appellant's failure to state in his notice of appeal the grounds for his appeal. By order filed October 21, 1997, the trial court granted said motion and dismissed appellant's appeal.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S NOTICE OF APPEAL FROM THE JUNE 19, 1997 ORDER OF THE OHIO STATE BOARD OF COSMETOLOGY.
 I
Appellant claims the trial court erred in dismissing his appeal for failure to follow the mandates of R.C. 119.12. We agree.
R.C. 119.12 requires a notice of appeal from an administrative order to set forth "the order appealed from and the grounds of the appeal." By order filed October 21, 1997, the trial court found appellant's notice of appeal failed to state the grounds of his appeal. Specifically, the trial court found the language in the notice of appeal "that there are very legitimate grounds for this Appeal" did not satisfy R.C. 119.21.
Appellant's notice of appeal was a hybrid notice of appeal as it included a request for a stay of execution of the suspension order. Appellant's notice of appeal claimed undue hardship on appellant and legitimate grounds for an appeal, and pointed out there were no previous violations on record and the health, safety and welfare of the public would not be threatened by a stay order.
Appellee argues appellant's notice of appeal was insufficient and cites the Supreme Court of Ohio's decision in The RichterTransfer Co. v. Bowers (1962), 174 Ohio St. 113, wherein the court found the requirement of setting forth "the errors therein complained of" was not met by claiming the decision was contrary to law.
We note Richter was decided prior to the adoption of the Civil Rules of Procedure when fact specific pleading was required. We are convinced the modern day approach to notice pleading should be applied to R.C. Chapter 119 appeals based upon the Supreme Court of Ohio's language and philosophy in Fisher v. Mayfield
(1987), 30 Ohio St.3d 8. In Fisher at 11, the court found the standard in determining jurisdiction based upon the sufficiency of a notice of appeal to be substantial compliance:
 Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.
 We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 212, 431 N.E.2d 644, 646; In re Estate of Reeck (1986), 21 Ohio St.3d 126, 127, 21 OBR 429, 430, 488 N.E.2d 195, 196-197.
 * * * By correctly designating the parties to the action, and the case number, all concerned parties had sufficient information from which they could determine that a particular claim or action was forthcoming. No party has alleged, and no party can not demonstrate, surprise or unfair prejudice to its interest.
Using this standard as a guideline, we will examine the notice of appeal sub judice. Appellant's notice properly identified the parties, the date of the order appealed from, the nature of the sanction given and the claims of undue hardship and no prior violations.
In his brief on the merits to the trial court, appellant raised the issues of whether there was reliable, probative and substantial evidence to support appellee's finding and whether the ninety day suspension order was appropriate given the evidence presented. Appellee's brief, filed the same day but two hours prior to appellant's brief, raised the issues of sufficiency of the notice of appeal and jurisdiction. Said brief also argued the suspension order was supported by reliable, probative and substantial evidence based upon the facts presented at the hearing and therefore was according to law (R.C. 4713.20).
Upon review, we find despite the hybrid pleading, appellant's notice of appeal was in substantial compliance with R.C. 119.12.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas Court of Stark County, Ohio is reversed and remanded to said court to reinstate appellant's notice of appeal.