OPINION
{¶ 1} On May 9, 2002, appellee, Spartech Plastics, filed a complaint against appellants, Enviropak, Inc. and Howard Trickett, for monies due and owing on account. On June 10, 2002, appellants filed a motion for extension of time to answer. On same date, appellee filed an application for default judgment. The trial court granted a default on June 13, 2002.
 {¶ 2} On November 7, 2002, appellants filed a motion to vacate pursuant to Civ.R. 60(B). By judgment entry filed November 25, 2002, said motion was denied.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT."
 II {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."
 I, II {¶ 6} Appellants claim the trial court erred in denying its Civ.R. 60(B) motion for relief from judgment and not holding a hearing on the motion. We agree.
 {¶ 7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 9} Pursuant to Civ.R. 12(A)(1), the answer day from service of summons of the complaint was June 8, 2002. Said date was a Saturday therefore, the answer day was extended to June 10, 2002. See, Civ.R. 6(A). On June 8, 2002, appellants, via Howard Trickett, served appellee a copy of a motion for extension of time and filed said motion with the trial court on June 10, 2002, some eight minutes prior to appellee's motion for default judgment.[1] Default judgment was granted on June 13, 2002.
 {¶ 10} Pursuant to Civ.R. 6(B), the motion for extension of time was timely filed and filed prior to the motion for default judgment. Therefore, it was incumbent upon the trial court to address the motion for extension of time prior to ruling on the default judgment.
 {¶ 11} The spirit and purpose of the civil rules is to guarantee the efficient and equal administration of justice. Justice will not tolerate a blanket disregard of the rules. We find that neither the spirit nor purpose of the civil rules was disregarded by appellants. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHartv. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189. In re Estate of Reeck
(1986), 21 Ohio St.3d 126, 127.
 {¶ 12} Although the granting of a motion for relief from judgment is within the trial court's sound discretion, we find it to be an abuse of that discretion when a timely motion for extension of time is disregarded. Even though the motion was apparently filed by a non-attorney, it included valid reasons for the request (unable to secure counsel and business travel out of the country the week proceeding the answer date).
 {¶ 13} Upon review, we find the trial court abused its discretion in denying the motion for relief from judgment.
 {¶ 14} Assignment of Error I is granted. Assignment of Error II is moot.
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
[1] Appellee argues because one of the appellants is a corporation, a "motion" made by a non-attorney is invalid. See, Appellee's Brief at 8.