OPINION
{¶ 1} On February 27, 1997, appellant, Aaron Spicer, was injured in an automobile accident caused by the negligence of another. At the time of the accident, appellant was employed by K-Mart Corporation, insured under a commercial automobile policy issued by appellee, National Union Fire Insurance Company of Pittsburg, PA.
 {¶ 2} On June 9, 2003, appellant, together with his mother, Connie Cote, filed a complaint against appellee and others for underinsured motorist coverage. On July 31, 2003, appellants filed a motion for default judgment as appellee failed to answer the complaint. By judgment entry filed same date, the trial court granted said motion.
 {¶ 3} On August 29, 2003, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B), claiming excusable neglect involving service of the complaint. By judgment entry filed September 19, 2003, the trial court granted the motion, and permitted appellee to file an answer out-of-rule pursuant to Civ.R. 6(B).
 {¶ 4} On September 24, 2003, appellants filed a motion to reconsider. On November 24, 2003, appellee filed a motion to dismiss the complaint. By judgment entries filed December 4, 2003, the trial court denied appellants' motion for reconsideration, and granted appellee's motion to dismiss the complaint.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred to the substantial prejudice of the plaintiffs-appellants in granting the defendant-appellee leave to file its answer out-of-rule."
 I {¶ 7} Appellants claim the trial court erred in vacating the default judgment and granting appellee leave to file an answer out-of-rule. We disagree.
 {¶ 8} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellee based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). InGTE Automatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 9} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} In its motion for relief from judgment at 15, appellee claimed it "has procedures in place for processing summons and complaints. Those procedures inadvertently failed in this case." Appellee never denied that service had been perfected pursuant to Civ.R. 4, but claimed between receipt of the complaint and some thirty days, the complaint was "lost" or "lost its way" as a result of lower level employee error. Appellants argue appellee failed to establish excusable neglect despite the submission of various affidavits.
 {¶ 11} Prior to addressing the trial court's granting of a Civ.R. 6(B) extension, it is necessary to first determine if the granting of the default judgment was appropriate. The complaint filed June 9, 2003 prayed for declaratory relief under the uninsured/underinsured motorist provisions of appellee's contract of insurance. The complaint also prayed for damages under the insurance contract. The contract of insurance upon which appellants based their claims is not attached to the complaint. This is a clear violation of Civ.R. 10(D).
 {¶ 12} In appellant's motion for default judgment requesting declaratory relief, they claimed they were covered in the amount of two million dollars under the uninsured/underinsured motorist provisions. Again, the insurance contract is not attached to this motion.
 {¶ 13} We find this case to be on all fours with our decision in Bettis v. National Union Fire Ins. Co. of Pittsburg, PA
(April 26, 2004), Stark App. No. 2003CA00251, ¶ 29, wherein this court found the contract of insurance must be attached to the complaint in order to determine an issue of law.
 {¶ 14} Upon review, we find the granting of the default judgment was in error. The trial court was not provided a copy of the insurance contract in order to determine as a matter of law whether coverage existed. With the reversal of the default judgment decision, the trial court did not abuse its discretion in granting leave pursuant to Civ.R. 6(B) for the following reasons.
 {¶ 15} A Civ.R. 6(B) determination lies in the trial court's sound discretion. State ex. rel. Lindenschmidt v. Butler Cty.Bd. of Commrs. (1995), 72 Ohio St.3d 464; Blakemore. In addition, the spirit and purpose of the civil rules is to guarantee the efficient and equal administration of justice. Justice will not tolerate a blanket disregard of the rules. We find that neither the spirit nor purpose of the civil rules was disregarded by appellee herein. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHart v. AetnaLife Ins. Co. (1982), 69 Ohio St.2d 189; In re Estate of Reeck
(1986), 21 Ohio St.3d 126.
 {¶ 16} From the affidavits submitted, a reasonable jurist could find excusable neglect and a lack of total disregard for the judicial process. In Colley v. Bazell (1980),64 Ohio St.2d 243, the Supreme Court of Ohio cautions that excusable neglect depends on the facts and circumstances of each case. We note this court's review is not "de novo" review, and what any one panel of this court would determine to be excusable neglect does not constitute a standard.
 {¶ 17} It is obvious that although appellee had a process for handling complaints, the process broke down in forwarding the complaint to the proper party. There was a total failure to even place the complaint into the system from June 13, 2003 to July 16, 2003. Mercandante Aff. at ¶ 10, 11, 14; Grogan Aff. at ¶ 7. Further, there is no explanation as to the fate of the complaint after it was forwarded to Francine DeLuca on July 16, 2003. Hescott Aff. at ¶ 5; Langford Aff. at ¶ 11; DeLuca Aff. at ¶ 5, 6.
 {¶ 18} A reading of all the affidavits leads but to one conclusion, and that is, no one can explain what happened. The trial court found the lack of an explanation after a diligent search of the various links in the process to be tantamount to excusable neglect. We find such a conclusion not to be an abuse of discretion.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed.