[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 401.]

HOLT, EXECUTOR, APPELLEE, *v.* GRANGE MUTUAL CASUALTY COMPANY,
APPELLANT.

[Cite as *Holt v. Grange Mut. Cas. Co.*, 1997-Ohio-375.]

*Torts—Wrongful death—Automobile liability insurance—Claimant who is a
statutory beneficiary of an insured decedent can recover under the
uninsured/underinsured provisions of the decedent's insurance policy even
if the wrongful death claimant is not a named insured under the policy.*

1.  When a personal representative of a decedent brings a wrongful death action
    seeking to recover damages on behalf of the beneficiaries, the personal
    representative pursues the recovery the decedent is no longer capable of
    pursuing.

2.  When an uninsurance/underinsurance provider pays proceeds for the wrongful
    death of a policyholder, those proceeds are characterized as "damages"
    recovered by a personal representative under R.C. Chapter 2125,
    regardless of how or why they are paid. Even though the damages
    ultimately go to the beneficiaries, the proceeds are payable due to the fact
    that an "insured" party—the decedent—suffered a wrongful death. (*In re
    Estate of Reeck* [1986], 21 Ohio St.3d 126, 21 OBR 429, 488 N.E.2d 195,
    syllabus, applied and followed.)

3.  An uninsured/underinsured motorist coverage provider's use of restrictive
    policy language defining an "insured" is ineffectual to exclude from
    coverage the claim of an uncompensated wrongful death statutory
    beneficiary seeking to recover under the uninsurance/underinsurance
    provision of the decedent's policy, since the correct focus for wrongful
    death recovery under a decedent's policy of uninsured/underinsured
    coverage is whether the *decedent* was an "insured."

(Nos. 96-764 and 96-852—Submitted March 18, 1997—Decided September 24, 1997.)

APPEAL from and CERTIFIED by the Court of Appeals for Butler County, No. CA95-11-192.

_____

{¶ 1} Our recitation of the facts of this case is based on stipulations entered into by the parties. On August 20, 1993, Gawain Holt was killed in a motor vehicle accident with an underinsured motorist. Holt and his wife, Ingrid E. Holt, were the named insureds under a policy issued by appellant, Grange Mutual Casualty Company. This policy provided uninsured/underinsured motorist coverage with limits of $250,000 per person and $500,000 per accident. Pursuant to this policy, appellant paid $250,000 to the estate of Gawain Holt.

{¶ 2} Appellee, Ingrid Holt, executor of the estate, sought recovery under the same underinsured motorist policy provision from appellant on behalf of the couple's two adult sons, Daniel E. Holt and David W. Holt. Appellant denied coverage, basing its decision on policy language that excluded each son from falling within the definition of an "insured" contained in the policy.

{¶ 3} For our purposes here, the relevant section (Part C—Uninsured Motorists Coverage) of the policy stated, "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured[/underinsured] motor vehicle because of bodily injury caused by an accident." This part of the policy defined an "insured" as "[y]ou or any family member" and "[a]ny other person while occupying your covered auto." This provision in turn was modified by the general definitional section within the policy, which provided, "'Family member' means a person related to you by blood, marriage or adoption and whose principal residence is at the location shown in the Declarations." The general definitional section of the policy also provided that "'[b]odily injury' means bodily harm, sickness or disease, including death that

2

results." Appellant denied coverage for the claims of the sons based on the undisputed fact that neither son made his principal residence at the home of the parents (the location referenced in the policy) at the time of the accident.

{¶ 4} Following the denial, appellee filed an action for a declaratory judgment in the Butler County Court of Common Pleas. Appellee stipulated that neither son made his principal residence at the location mentioned in the policy, and that therefore neither son qualified as an "insured" under the language of the policy.

{¶ 5} In ruling on motions for summary judgment filed by each party, the trial court stated the issue as "whether Gawain Holt's sons, as uncompensated wrongful death statutory beneficiaries under R.C. 2125.02, can recover underinsured motorist benefits for the wrongful death of an insured even though they do not themselves qualify as insureds under the policy." The trial court granted summary judgment to appellee, finding that underinsured motorist coverage was available for the wrongful death claims of the two sons, because "the aforementioned contractual provision is an impermissible restriction on the insurance coverage which is mandated by R.C. 3937.18."

{¶ 6} The court of appeals affirmed the judgment of the trial court, and certified its judgment as in conflict with the decisions of the Court of Appeals for Lucas County in *Thompson v. Utomo* (Oct. 27, 1995), Lucas App. No. L-95-034, unreported, 1995 WL 628242; the Court of Appeals for Cuyahoga County in *Estate of Simone v. Nationwide Ins. Co.* (Nov. 3, 1994), Cuyahoga App. No. 67081, unreported, 1994 WL 613876; and the Court of Appeals for Hamilton County in *Berleman v. State Farm Mut. Auto. Ins. Co.* (1992), 76 Ohio App.3d 81, 600 N.E.2d 1145. The cause is now before the court upon our determination that a conflict exists (case No. 96-852).

{¶ 7} The cause is also now before this court upon the allowance of a discretionary appeal (case No. 96-764).

_____

*Droder & Miller Co., L.P.A., A. Dennis Miller* and *Richard J. Rinear*, for appellee.

*Rendigs, Fry, Kiely & Dennis* and *Wilson G. Weisenfelder, Jr.,* for appellant.

*Fauver, Tattersall & Gallagher* and *Kurt D. Anderson*, urging reversal for *amicus curiae*, Ohio Association of Civil Trial Attorneys.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 8} The issue certified for our review is "whether a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured[/underinsured] motorist provisions of the decedent's insurance policy if [the wrongful death claimant] is not a named insured under the policy." Implicit within this certified issue is the question of the effectiveness of a provider of uninsured/underinsured coverage utilizing a restrictive policy definition of who is an "insured" in excluding from coverage the claim of an uncompensated wrongful death statutory beneficiary.

{¶ 9} For the reasons which follow, we find that appellant attempts to invoke a policy restriction that actually is inapplicable to the circumstances of this case, as the claims of the sons must be recognized as a matter of law. Consequently, appellant's attempt to rely on the definition of an "insured" to support its denial of coverage is ineffective to accomplish that purpose, since appellant's obligation to provide coverage arises due to the fact that an "insured" party has suffered a wrongful death. Accordingly, we answer the certified issue in the affirmative, and affirm the judgment of the court of appeals.

{¶ 10} Our result is dictated by an examination of the interplay between the uninsured/underinsured motorist statute relevant here, former R.C. 3937.18(A), and the wrongful death statutes, former R.C. 2125.01 *et seq.*

{¶ 11} Former R.C. 3937.18(A)(1) required (and current R.C. 3937.18[A][1] continues to require) the offering of uninsured motorist coverage to "provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death * * *."

{¶ 12} Former R.C. 3937.18(A)(2) required (and current R.C. 3937.18[A][2] continues to require) the offering of underinsured motorist coverage to "provide protection for an insured against loss for bodily injury, sickness, or disease, including death * * *."

{¶ 13} Former R.C. 2125.01 provided:

"When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages * * *."[1] (139 Ohio Laws, Part II, 2458.)

{¶ 14} Proceedings in wrongful death cases are governed by R.C. 2125.02. R.C. 2125.02(A)(1) provides:

"Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent."

{¶ 15} Distribution of wrongful death proceeds is governed by R.C.

---

1. Not at issue in this case is the question of whether there is an action for wrongful death at common law. See *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 186, 637 N.E.2d 917, 924-925 (Douglas, J., concurring in judgment); *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 574 N.E.2d 457. No language in this opinion should be construed to support a position on this issue.

2125.03.  R.C. 2125.03(A)(1) provides:

"The amount received by a personal representative in an action for wrongful death under sections 2125.01 and 2125.02 of the Revised Code, whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them.  The court that appointed the personal representative * * * shall adjust the share of each beneficiary in a manner that is equitable * * *."

{¶ 16} This sets the scenario to approach the key issue in this case — whether the insurance company's definition of an "insured" in the uninsurance/underinsurance policy is a permissible exclusion of the claims of the sons[2] from the ambit of coverage, which does not run counter to the principles embodied in former R.C. Chapter 2125 and former (as well as current) R.C. 3937.18.

{¶ 17} In *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, at the syllabus, this court held that "[a]n automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law."  The trial court found *Alexander* applicable to this case.  Appellant argues that this case does not fall within the holding of *Alexander* because it is fundamentally different to require that a particular "claim" be covered, as was done in *Alexander*, than to require that a particular party be treated as an "insured."  Appellant stresses that *Alexander* addressed the validity of exclusionary language that attempted to deny coverage to an *existing insured*.  An examination of the

---

2.  Each of the sons of Gawain Holt, along with Ingrid Holt, has a separate wrongful death underinsurance claim subject to a separate per person policy limit pursuant to *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, paragraph four of the syllabus, in which this court interpreted former R.C. 3937.18 in light of R.C. Chapter 2125.  (But, see, R.C. 3937.18[H], enacted subsequent to *Savoie*.)  If coverage for the claims of the sons is required in this case, each claim would be subject to a separate per person policy limit, with the total of all claims subject to the policy's per accident limit.

nature of a wrongful death claim reveals that appellant's argument is flawed. When the wrongful death claim is understood in its proper context, it becomes evident that appellant's attempted reliance on the policy language at issue actually is the functional equivalent of an attempt to deny coverage to an insured—the decedent.

{¶ 18} This court, in *In re Estate of Reeck* (1986), 21 Ohio St.3d 126, 21 OBR 429, 488 N.E.2d 195, considered whether settlement proceeds recovered under the uninsured motorist provision of a decedent's insurance policy were to be considered to be payable to the decedent's estate (and thus distributable to the heirs pursuant to the decedent's will) or were to be considered as damages distributable under the Wrongful Death Act. This court recognized that "it is clear that it was the intention of the General Assembly in requiring insurance companies to provide uninsured motorist coverage that recovery be had for wrongful death." *Id.*, 21 Ohio St.3d at 128, 21 OBR at 431, 488 N.E.2d at 197. This court further observed that "those parties who are by statute entitled to bring a wrongful death action may recover under the uninsured motorist provision of the decedent's automobile insurance policy without regard to whether the coverage is mandated by statute or provided by voluntary contract." *Id.* This court held, "In the case of the death of an insured, the settlement proceeds under an uninsured motorist provision are to be distributed among those persons who are entitled by statute to bring a wrongful death action." *Id.* at syllabus.[3]

{¶ 19} Pursuant to *Reeck*, when an uninsurance/underinsurance provider pays proceeds for the wrongful death of a policyholder, those proceeds are characterized as "damages" recovered by a personal representative under R.C. Chapter 2125 regardless of how or why they are paid. As such, these damages are

---

3. The reference in *Reeck* to persons entitled to "bring a wrongful death action" may be somewhat misleading. It is the personal representative of a decedent who actually "brings" a wrongful death action. It would be more consistent with R.C. Chapter 2125 to state that settlement proceeds are distributable among those persons who are entitled to "benefit from" a wrongful death action.

considered to have been recovered in an action brought by the personal representative of the decedent for the benefit of the statutory beneficiaries. R.C. 2125.02(A)(1). The damages are paid to the personal representative of the decedent. R.C. 2125.03(A)(1). They are not paid to the statutory beneficiaries directly, but must be apportioned to those beneficiaries by "[t]he court that appointed the personal representative." R.C. 2125.03(A)(1). Thus, from the foregoing, it becomes clear that, because the insured party was killed (rather than injured) in the accident, the personal representative pursues the recovery the decedent is no longer capable of pursuing. See *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 181, 637 N.E.2d 917, 921 (quoting from *Griffiths v. The Earl of Dudley* [1882], L.R., 9 Q.B. 357, 363) (A wrongful death act does not give a new cause of action, but "'substitute[s] the right of the representative to sue in the place of the right which the deceased himself would have had if he had survived.'"). The personal representative is, conceptually, stepping into the shoes of the insured decedent, and is the conduit through which the beneficiaries ultimately recover damages.[4]

{¶ 20} The parties in this case stipulated that appellant paid $250,000 "to the estate of Gawain Holt." This statement is technically an inaccurate characterization of the payment made by appellant. Pursuant to R.C. Chapter 2125 and *Reeck*, what happened is that appellant actually paid $250,000 to the personal representative of Gawain Holt, Ingrid Holt. While it is apparent that Ingrid Holt is the executor of Gawain Holt's estate, the wrongful death insurance proceeds were

---

4. *Amicus curiae* points to the insurance policy at issue in *Reeck*, which it appears contained no requirement that a relative must reside with the insured decedent in order to be an "insured" under the decedent's uninsured/underinsured provision. *Amicus* suggests that this case is distinguishable from *Reeck* — because the policy language in that case did not prevent the wrongful death claimant from being an "insured," no issue arose as to the status of the claimant as an "insured." While *amicus* does point out a valid distinction which prevents *Reeck* from being summarily dispositive of this case, *Reeck*'s explanation of how a wrongful death claim must be conceptualized is directly relevant to our resolution of the issue before us.

not received by her acting in that capacity. Rather, they were received by her in her capacity as the personal representative of the decedent. This focus on the personal representative of the decedent as the actual nominal recipient of the wrongful death proceeds makes a subtle distinction. However, this distinction is one required by R.C. Chapter 2125.

{¶ 21} In her role as personal representative of the decedent, Ingrid Holt pursues the recovery the decedent cannot pursue. Initially, she pursues recovery against the tortfeasor. If the tortfeasor is uninsured or underinsured, she then pursues recovery under the uninsured/underinsured provision of the decedent's policy. Any recovery she obtains under that policy is wrongful death proceeds. Only after the proceeds are received by the personal representative does apportionment become important. The court that appointed the personal representative divides up the proceeds, as each beneficiary's measure of "damages." It is important to recognize that any beneficiary's personal right of recovery is the final step in the process, and that the proceeds were paid by the uninsurance/underinsurance provider to the personal representative (who was actually recovering in place of the insured decedent, who was unable to seek recovery) at an earlier point in the process.

{¶ 22} It is incongruous for appellant to attempt to exclude, through the use of policy language, the sons of Gawain Holt from the definition of "insured" in the policy when, pursuant to R.C. 2125.03(A)(1), they potentially share in the distribution of the wrongful death proceeds as well. The arbitrariness of appellant's attempted exclusion can best be realized by considering a hypothetical: Assume one of the sons was a passenger in Gawain Holt's vehicle at the time of the fatal accident, but was uninjured. That son would have been an "insured" under the policy language, and according to appellant's argument, would have been entitled to recover for the wrongful death. However, the other son, who in our hypothetical was not in the car during the accident, would recover nothing because he would not

be an "insured." As this scenario illustrates, the "injury" that gives rise to a wrongful death recovery is not any type of physical injury to the claimant; rather, the "injury" actually is the wrongful death of the decedent. It is absurd to prevent recovery for a wrongful death beneficiary by excluding him or her from the status of an "insured" when R.C. Chapter 2125 expressly recognizes that he or she has suffered damages due to the wrongful death. See R.C. 2125.02(B). Coverage for the wrongful death claims of statutory beneficiaries must be part and parcel of the uninsurance/underinsurance coverage of the decedent's policy. The wrongful death claims are inseparably bound to the insured decedent's wrongful death, and the only way to reconcile the requirements of former R.C. 3937.18(A) and R.C. Chapter 2125 is to require coverage.

{¶ 23} Appellant attempts to distinguish this case from the appellate decisions in *Lynch v. State Farm Mut. Auto Ins. Co.* (Mar. 21, 1994), Butler App. No. CA93-06-099, unreported, 1994 WL 93163, and *Dion v. State Farm Mut Auto Ins. Co.* (Mar. 24, 1992), Defiance App. No. 4-91-14, unreported, 1992 WL 63281, both of which found uninsurance/underinsurance coverage available to wrongful death claimants not qualifying as an "insured" in the relevant policies. See, also, *Rupert v. State Farm Mut. Auto. Ins. Co.* (Oct. 11, 1996), Wood App. No. WD-95-103, unreported, 1996 WL 608528 (Several judges of the Sixth Appellate District reconsidered their earlier positions as expressed in *Thompson v. Utomo*, one of the cases certified as conflicting with the case *sub judice*.). Appellant points to these appellate cases in which there was no surviving relative who fell within the policy definitions of an "insured." If the courts had not found coverage available, no one would have recovered wrongful death benefits in those cases. However, this argument clearly illustrates that some fact patterns disclose better than others the arbitrariness of the denial of coverage in these situations. *Dion* and *Lynch* actually serve (perhaps better than the case *sub judice*) to exemplify the inherent inequities of denying coverage. In *Dion*, unreported, at 3, the court cut to the essence of the

inequity:

"The death of a motorist protected by uninsured/underinsured motorist coverage was intended to be covered under both the statute and [the] policy. By purchasing [the] policy, [the decedent] was an insured even though the accident with the underinsured tortfeasor claimed his life. To hold otherwise would be to prevent recovery simply because the nature of his injuries was so severe as to cause his death. This would have the effect of altering [the] policy to only provide coverage for injuries."

{¶ 24} Consistent with the above reasoning expressed in *Dion*, as well as with the principles embodied in both former and current R.C. 3937.18(A), the insured party in cases of this type purchases uninsured/underinsured coverage precisely to protect himself or herself from the consequences of a motor vehicle injury caused by an uninsured/underinsured tortfeasor, and in the event of the insured party's death, to provide statutory wrongful death beneficiaries with that protection the insured would have received if the insured had been injured and not killed. There is no conceptual difference between the attempted denial of coverage in *Dion* and *Lynch*, in which a contrary holding would have countenanced the insurers' attempts to avoid paying any wrongful death benefits whatsoever when statutory beneficiaries were making valid claims, and the attempted denial of coverage in this case, when the sons of Gawain Holt seek coverage for valid wrongful death claims.

{¶ 25} As *Dion* and *Lynch* noted, an attempt to avoid payment for valid wrongful death claims by narrowly defining who is an "insured" is an impermissible attempt to eliminate underinsured motorist coverage "where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." *Alexander* at the syllabus. The *Alexander* syllabus refers to the impermissibility of eliminating or reducing uninsured/underinsured coverage to "persons *injured* in a motor vehicle accident." (Emphasis added.) When the special

11

nature of a *wrongful death* claim is taken into account, it is totally consistent with *Alexander* to require coverage for the wrongful death claims of the sons in this case, since the claims of the sons arise only because the insured decedent was killed instead of being injured.

{¶ 26} As this court stated in *Reeck*, 21 Ohio St.3d at 128, 21 OBR at 431, 488 N.E.2d at 197, "[I]t was the intention of the General Assembly in requiring insurance companies to provide uninsured motorist coverage that recovery be had for wrongful death." This intention is acknowledged in the general definitional section of this policy, which recognizes that the meaning of "bodily injury" encompasses a death that results from an accident. This intention would be frustrated if appellant's attempted denial of coverage were allowed to be effective.

{¶ 27} Furthermore, since the underinsurance claims arise only because the tortfeasor was not adequately insured, to deny underinsured coverage in this situation would be to treat the beneficiaries in a wrongful death case in which the decedent is killed by an underinsured tortfeasor differently from the beneficiaries in a case in which the tortfeasor was fully insured. Such a treatment would be contrary to the purpose of uninsured/underinsured coverage. See *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432; *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 595, 23 O.O.3d 495, 496-497, 433 N.E.2d 547, 548.

{¶ 28} Appellant cites the following passage from *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 91, 526 N.E.2d 1089, 1093, in support of its contention that only those wrongful death claimants in contractual privity with an underinsurance provider can be considered to be covered by the underinsurance policy:

"It is contended that the wrongful death statute, and specifically R.C. 2125.02, could be used, under today's decision, to permit recovery by persons who are not in any way contractually in privity with an underinsured carrier. This, of course, is not the case. Only an *insured* under the underinsured motorist provision

can recover under the policy for injury or wrongful death." (Emphasis *sic*.)

{¶ 29} Initially, this observation made in *Wood* was dictum. It was undisputed in *Wood* that all claimants were "insureds" under the policy, just as the claimant in *Reeck* came within the definition of an "insured" in that policy. Moreover, when the nature of a wrongful death claim is considered in the proper context, it becomes obvious that the wrongful death claimants seek recovery due to their status as statutory beneficiaries of an "insured"—the decedent. Thus, there is no need for the claimants to be in privity with the underinsurance carrier. Due to the special nature of a wrongful death claim, the concept of privity is inapplicable. It is sufficient that the *decedent* was in privity with the underinsurance carrier for coverage to be available. The *Wood* observation certainly was not meant to give underinsurance providers carte blanche to define an "insured" without due respect for the principles underlying former (and current) R.C. 3937.18(A) and Chapter 2125.

{¶ 30} In conclusion, we reiterate several of the points expressed above. When a personal representative of a decedent brings a wrongful death action seeking to recover damages on behalf of the beneficiaries, the personal representative pursues the recovery the decedent is no longer capable of pursuing. When an uninsurance/underinsurance provider pays proceeds for the wrongful death of a policyholder, those proceeds are characterized as "damages" recovered by a personal representative under R.C. Chapter 2125, regardless of how or why they are paid. Even though the damages ultimately go to the beneficiaries, the proceeds are payable due to the fact that an "insured" party — the decedent — suffered a wrongful death. In light of these and all other foregoing reasons, we hold that an uninsurance/underinsurance motorist coverage provider's use of restrictive policy language defining an "insured" is ineffectual to exclude from coverage the claim of an uncompensated wrongful death statutory beneficiary seeking to recover under the uninsurance/underinsurance provision of the decedent's policy, since the

correct focus for wrongful death recovery under a decedent's policy of uninsured/underinsured coverage is whether the *decedent* was an "insured." We find that appellant's attempt to deny coverage for the claims of the sons of Gawain Holt is invalid. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 31} Although *stare decisis* limits the extent of my dissent, that same doctrine dictates it. For as much as I disagree with the reasoning and holdings in *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, *In re Estate of Reeck* (1986), 21 Ohio St.3d 126, 21 OBR 429, 488 N.E.2d 195, and *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, among others, even those cases compel a result opposite to that reached by the majority in this case. The decisional law of this court dictates that a wrongful death beneficiary cannot recover under the uninsured/underinsured motorist provisions of a decedent's automobile liability insurance policy unless that beneficiary qualifies as an insured.

PRIOR DECISIONS LIMITING RECOVERY TO INSUREDS

**{¶ 32}** In *Wood,* the court enlarged underinsured motorist coverage for wrongful death beneficiaries by deeming that R.C. 2125.02 creates a separate claim for each wrongful death beneficiary. As a limitation to that holding, however, *Wood* also recognized that compensation for the claim is not mandated by R.C. 3937.18, *unless* the *claimant* is an insured under the policy.

**{¶ 33}** Referring to the precise issue this court faces today, Justice Douglas, writing for the *Wood* majority, stated, "It is contended that the wrongful death statute, and specifically R.C. 2125.02, could be used, under today's decision, to permit recovery by persons who are not in any way contractually in privity with an underinsured carrier. This, of course, is not the case. Only an *insured* under the underinsured motorist provision can recover under the policy for injury or wrongful death." (Emphasis *sic*.) *Wood* at 91, 526 N.E.2d at 1093. The requirement is further reflected in the syllabus of *Wood*, which states, "Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, *and who is an insured under an underinsured motorist provision in an insurance policy*, has a separate claim * * *." (Emphasis added.)

**{¶ 34}** Faced with this limitation in *Wood*, the majority in the present case dismisses the prerequisite of contractual privity as "inapplicable" due to the "special nature" of a wrongful death claim. To reach the conclusion that wrongful death beneficiaries who are not insureds under a policy are entitled to uninsured/underinsured proceeds of a decedent, the majority relies on *In re Estate of Reeck*, and rationalizes that wrongful death beneficiaries, through a personal representative, "step into the shoes" of the decedent. Thus, the majority concludes that the *beneficiaries* are not required to be in contractual privity because the *decedent* is in contractual privity with the insurer.

**{¶ 35}** However, to do so, the majority must ignore that in both *Reeck* and *Wood*, the wrongful death beneficiaries were permitted to recover because they also

qualified as insureds themselves. In *Reeck*, the claimant was entitled to recover proceeds from the uninsured/underinsured section of the policy because she qualified as an "'insured' within the meaning of the State Farm policy." *Id.* at 129, 21 OBR at 432, 488 N.E.2d at 198. In *Wood*, the wrongful death beneficiaries were all covered persons under the policy—a key factor in Justice Douglas's opinion. *Wood* at 91, 526 N.E.2d at 1093.

{¶ 36} The majority's reliance on *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, is also belied by this court's later decision in *Savoie,* 67 Ohio St.3d at 509, 620 N.E.2d at 816, which expressly approved *Wood*. Justice Pfeifer, writing for a majority of the court, stated, "According to *Wood*, *each insured*, who *under an underinsured motorist policy* has the right to have a wrongful death action brought in his or her name pursuant to R.C. 2125.01, has a separate wrongful death claim subject to a separate per person policy limit. * * * Despite previous attempts by this court to restrict the application of *Wood*, * * * it remains good law in Ohio. Each *person who is covered by an uninsured/underinsured policy* and who is presumed to be damaged pursuant to R.C. 2125.01 has a separate claim subject to a separate per person policy limit." (Emphasis added.)

POLICY LIMITS PAID

{¶ 37} Aside from it being at odds with our prior cases on the subject, this decision by the majority reasons from an unmet premise, *i.e.,* that the position taken by the insurer toward its insured here is inequitable. I disagree. It seems that the payment of the insurance proceeds under this policy actually *corresponds* with the analysis of the majority. Indeed, under the majority's rationale, Ingrid Holt received $250,000, as the personal representative, "stepping into the shoes" of the insured decedent  Under his policy, the decedent could recover only $250,000 as the per person limit. Applying the "stepping into the shoes" theory, Ingrid Holt and her sons as statutory beneficiaries may *share* the total amount of coverage paid to

Ingrid as the personal representative of the decedent's next of kin. There appears to be no reasoning by the majority supporting a requirement that there be more than one payment of the policy per person limit other than the *status* of the sons as statutory beneficiaries presumed to have suffered damages. Having suffered damages, however, is, of course, not the equivalent of having acquired coverage for such damages. Ohio law requires only that uninsured/underinsured motorist coverage be offered. It does not mandate compensation from a decedent's automobile insurer for all wrongful death statutory beneficiaries.

## CONCLUSION

{¶ 38} Consistent with our prior decisions and the intent of R.C. 3937.18 of providing uninsured/underinsured proceeds for those *insured* under the policy, rather than vicariously through the decedent, I would hold that an R.C. 2125.02 wrongful death beneficiary cannot recover under the uninsured/underinsured motorist provisions of a decedent's automobile liability insurance policy unless the beneficiary qualifies as an insured. For these reasons, I respectfully dissent.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

_____