OPINION
This matter presents a timely appeal from judgment rendered in the Monroe County Court of Common Pleas denying the motions of Appellants, Ralph Allen Spence, Linda Lumbatis and Carrie Cox, for summary judgment and granting summary judgments to Grange Mutual Casualty Company and National Mutual Insurance Company, Appellees herein. As all three Appellants presented with identical assignments of error and their claims arise out of the same occurrence, their appeals have been consolidated here.
On July 22, 1995, Appellants' mother, Betty Spence was killed in an automobile accident in Monroe County, Ohio. While riding in her husband's automobile as a passenger, the car was struck by an uninsured motorist. The record reflects that Appellants did not own, operate or insure the vehicle their mother was in at the time of the accident, nor did they share the same household as the deceased. Each Appellant carried his or her own policy of insurance, which included uninsured/underinsured coverage. Appellants Lumbatis and Cox were insured by Appellee Grange, policy number FA4495244 and FA4523484, respectively. Appellant Ralph Spence was insured under policy number 442-244-0 by Appellee National Mutual.
On January 24, 1997, each Appellant filed separate declaratory judgment actions in Monroe County Common Pleas Court seeking coverage and damages for Mrs. Spence's wrongful death under each separate Appellants' uninsured motorist coverage. It is undisputed that the decedent was not a named insured under any one of the policies. On April 30, 1997, each filed separate motions for summary judgment. Appellees separately filed their own summary judgment motions in response. The trial court denied Appellants' motions and granted Appellees summary judgment on September 30, 1997 with respect to Appellants Lumbatis and Cox and on April 22, 1998 in regards to Appellant Spence's claims. As to all Appellants, the trial court found that they had raised no cognizable claims for coverage under their own respective policies because the deceased was not an "insured" as defined by their respective coverages.
After timely appeal, Appellants raise before this Court identical assignments of error and virtually identical arguments. Thus, as earlier stated, they are considered together herein.
Appellants' sole assignment of error states:
 "The trial court erred in its determination that the plaintiff-appellant failed to state a valid claim for coverage under the uninsured motorists provisions of the insurance policy in question."
At the outset, we note that Appellants base their arguments on an earlier decision of this Court, Spence v. Westfield NationalIns. Co. (Sept. 2, 1998), Monroe App. No. 797, unreported. Spence dealt with the same underlying facts as found in this combined appeal, as the appellant in Spence is the sibling of the three current Appellants and was suing to receive coverage under his uninsured motorist policy for the death of his non-resident mother, Mrs. Spence. In Spence, we found that coverage should have been provided by Westfield. To the extent this ruling appears to be in need of clarification, we herein explain and distinguish our earlier decision and based on the facts as presented to the trial court below, we affirm the trial court decision in this matter.
Appellants argue here that the trial court erred in denying their motions for summary judgment. They claim that pursuant to Ohio Revised Code § 3937.18 (A) (1) and § 2125.02, they are entitled by law to recover for any loss or damages sustained as the result of their mother's wrongful death.
As the keystone of their argument, Appellant's claim that the statutory purpose of R.C. § 3937.18 (A) (1) is to protect an insured against loss or damage caused by an uninsured motorist. As beneficiaries under Ohio's wrongful death statute, they are presumed to have been damaged from their mother's death. Thus, they argue that by extension of this logic, they are legally entitled to recover damages under the uninsured motorist provision of their own insurance policies.
Civ.R. 56 (C) states in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
While summary judgment should only be granted with caution, it is appropriate where there is, 1) no real issue that there are material facts in dispute, 2) movant is entitled to judgment as a matter of law and 3) looking at the evidence in a light most favorable to the opposing party, reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party, Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court held that the movant cannot meet its initial burden under this rule by simply making conclusory assertions that its opponent cannot prove its case. The movant must be able to present some evidence acceptable under Civ.R. 56 (C) to demonstrate that the opposing party cannot prove its claims. Further, once the movant has met this initial burden, the opposing party must then produce for the court any evidence which that party would necessarily bring at a trial in the matter. Once summary judgment has been granted, a court of appeals conducts a de novo review of the matter. Kenner v. Devin Acquisition Corp. (1996), 111 Ohio App.3d 326.
Without belaboring the contractual language of the policies, it is clear that the decedent here is not an "insured" under Appellants' respective contracts of insurance. The National Mutual policy, in its uninsured motorists provision, will pay for damages an "insured" could recover from the owner/operator of an uninsured motor vehicle because of "bodily injury" which is actually sustained by an "insured". To be an "insured" under Appellant Spence's policy, one must be a family member "who is a resident of [the named insured's] household." This language is found in the definitions section of the policy. Clearly, decedent is not a resident of Appellant Spence's household. Thus, her bodily injury was not "sustained by" an "insured". Appellants Lumbatis and Cox have virtually identical insurance coverage language. Decedent does not appear on the declarations page of the policies. Decedent did not reside at the residences/households of Appellants. To collect uninsured motorist benefits the "bodily injury" must be sustained by an "insured," and "insured" is defined as a resident family member.
Thus, looking at the language of Appellants' individual policies alone, it is apparent that Appellants should not be able to turn to their own uninsured motorist coverage to pay damages for bodily injury which was sustained by their mother. The language relevant herein is found in Appellant Spence's policy, effective 7/18/95-8/11/96 (with a vehicle deletion on 9/5/95), Appellant Lumbatis' policy, effective 2/11/95-8/11/95 and Appellant Cox's policy, effective 2/6/95-8/6/95. We can thus determine from the language in effect at the time of Mrs. Spence's fatal accident that the policy language bars recovery from Appellants' own insurance.
Appellants' contention is that, regardless of this restrictive language found within their policies of insurance, they are legally entitled to collect damages under their own uninsured motorist policies. Appellants rely on their interpretation of the legislative intent behind the enactment of R.C. § 3937.18 and on a statement found in the syllabus of Sexton v. State FarmAutomobile Insurance Co. (1982), 69 Ohio St.2d 431:
 "1. R.C. 3937.18 provides protection for insured persons for damages for bodily injury and death, inter alia, which they are legally entitled to recover from owners or operators of uninsured motor vehicles."
Relying heavily on Sexton, Appellants argue that they meet the three prongs of the test laid out by Sexton in order to recover from their own policies. They argue that:
 1. They are each an insured under the policy they are attempting to collect from;
 2. They are legally entitled to recover damages [under the wrongful death statute] because of bodily injury, sickness, or disease including death caused by an uninsured motorist;
 3. The loss or damages complained of are suffered by the insured (loss of consortium and emotional distress brought on by the loss of their mother).
Appellants also rely on Gyori v. Johnston Coca Cola (1996),76 Ohio St.3d 565, for a liberal interpretation of R.C. § 3937.18
to effectuate its remedial purpose. As the Gyori court stated at page 567:
 "The purpose of the requirement is "to protect persons injured in automobile accidents from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated." Id. at 165, 51 O.O.2d at 231, 258 N.E.2d at 432. See, also, Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438, 440. "Given this express statutory purpose, * * * the uninsured motorist statute should be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons injured through the acts of Iuninsured motorists." Curran v. State Auto. Mut. Ins. Co. (1971), 25 Ohio St.3d 33, 38, 54 O.O.2d 166, 169, 266 N.E.2d 566, 569. See, also, Martin, 70 Ohio St.3d at 480, 639 N.E.2d at 440."
Appellants maintain that the injury they suffered is the wrongful death of their mother and that in fulfillment of the legislative intent to provide recovery under an insured's uninsured motorist's provisions they are legally entitled to recover under their own policies.
In order to fully address this matter, we must first review the relevant statute, its changes and the changes this has wrought on prior case law.
Effective October 20, 1994, Amended Substitute Senate Bill Number 20 (the "Savoie amendment") modified R.C. § 3937.18 and superseded the Ohio Supreme Court's decision in Savoie v. GrangeMut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Prior to the amendment, R.C. § 3937.18 stated, in pertinent part:
 "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:
 "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provision approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;"
This section was changed in 1994 to read:
 "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insured:
 "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury, sickness, or disease, including death under provisions approved by the superintendent of insurance, for the protection of insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death suffered by any person insured under the policy." (Emphasis added).
This change to the uninsured motorist statute clearly allows a policy of insurance to limit recovery under an uninsured motorist policy to bodily injuries and death suffered by an insured. Prior to this amendment, policy holders like Appellants would be able to argue that although the insured did not himself suffer bodily injury or death, he was damaged by the injury or death to another. This argument was bolstered by and founded upon Ohio's wrongful death statute, R.C. § 2125.02 (A) (1) which states, in part:
 "Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent."
Pursuant to this section, Appellants are the surviving beneficiaries of Mrs. Spence's death and are rebuttably presumed to have suffered damages. Inasmuch as the prior version of the uninsured motorist statute would appear to allow an insured to collect any damages which they legally may have suffered as the result of an uninsured's act, as opposed to only bodily injuries which must be suffered by an insured, himself, Savoie would have allowed Appellants to turn to their own policies.
In so doing, Appellants confront two insurmountable problems: the explicit policy language found within their individual contracts of insurance and the changes to R.C. § 3937.18. As discussed, the modification to R.C. § 3937.18 appears directed to the Supreme Court decision in Savoie, a fact the Court acknowledged in Beagle v. Walden (1997), 78 Ohio St.3d 59. The modification permits insurance companies to limit recovery under an uninsured motorist provision to those instances where bodily injury is suffered by an insured and not any or all "damages" sustained by that insured.
Appellants' reliance on Sexton, infra, is misplaced simply because Sexton was decided prior to the modifications to the statute. When the Sexton court ruled, it was looking towards the requirement that, by law, uninsured motorist provisions must provide coverage for "damages" or "losses" sustained by an insured.
Under the former version of R.C. § 3937.18, there was considerable confusion regarding the issue of whether a wrongful death beneficiary could recover from his or her own uninsured motorist insurer when the decedent was not an insured under the policy in question. See Kocel v. Farmers Ins. of Columbus, Inc. (1997), 79 Ohio St.3d 1235. (Resnick, J., dissenting from dismissal of appeal) (listing the various appellate decisions on both sides of the issue). A number of the cases finding coverage,e.g. Simone v. W. Res. Mut. Cas. Co. (Apr. 18, 1996), Cuyahoga App. No. 69236, unreported; United Serv. Auto Assn. v. Mack (May 17, 1995), Clark App. No. 94 C.A. 32, unreported, did so on the basis of the Ohio Supreme Court's decision in Sexton. In Sexton, the Ohio Supreme Court ruled that an insured was legally entitled to recover damages because of the death of an uninsured daughter, that attempt limit recovery to those situations where an insured himself suffered the injury was contrary to R.C. § 3937.18 and thereby void.
However, as we have already noted, Senate Bill 20 modified R.C. § 3937.18 to include the language, "because of bodily injury . . . suffered by any person insured under the policy." The effect of Senate Bill 20 was to overrule Sexton and to permit a policy exclusion limiting coverage to bodily injury or death suffered by an insured. See Simone, supra, at paragraph 2.
Appellants herein attempt to continue to argue that, notwithstanding the modifications to the law, the statute does not restrict recovery to insureds who have themselves sustained bodily injuries or have been killed. According to Appellants, the statute does not require that the bodily injury or death be suffered by an insured but only that an insured suffer "losses." However, as the trial court succinctly noted at pages 16 and 17 of each Judgment Entry:
 "The Plaintiff's argument fails because the construction that she [he] proposes for the statute is, as a matter of law, not tenable. Under the [Appellants'] construction, the words "suffered by an insured" are surplusage; they add nothing. If the legislature meant only to require that the "losses" for which UIM coverage is offered by sustained by, the insured the legislature would not have changed the language as it was written in the original statute."
In so ruling, we are mindful that the Tenth District Court of Appeals has held otherwise, based on the uncodified law accompanying Senate Bill 20. See Holcomb v. State Farm Ins. Cos. (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported. WhileHolcomb will shortly be addressed by the Supreme Court which may rule otherwise, we do not find this position tenable given the clear and precise wording of the statute. R.C. § 3937.18 as amended requires only that insurers provide coverage for losses resulting from bodily injury an insured personally had sustained.
Appellants' reliance on Holt v. Grange Mutual Casualty Co. (1997), 79 Ohio St.3d 401 is misplaced. First, the claim in Holt
was not governed by the amended version of R.C. § 3937.18. Additionally, Holt involved non-resident sons seeking to recover on their decedent father's policy. In the instant case, the decedent's policy is not at issue.
In this Court's earlier pronouncement in Spence, supra, the Court held that the law as found in Savoie, supra, was operative despite the amendment to R.C. § 3937.18. The parties in Spence
originally contracted for insurance April 8, 1994, Amended Substitute Senate Bill No. 20 became effective October 20, 1994 and the policy was renewed on April 8, 1995. Implicit in the decision is that the policy never ended but instead upon renewal became a continuing policy of insurance. Thus, since the renewal was not actually a new policy, the statutory changes did not effect the renewal. We found that because the contract was originally entered into prior to the amendment, the prior law operated to require Spence's insurer to provide uninsured motorist coverage to him for the death of his non-covered mother. In so doing, we relied on Ross v. Farmers Ins. Group of Cos
(1998), 82 Ohio St.3d 281. Citing to Ross, we stated at page 7:
 "Were we to accept appellants' argument that Am.Sub.S.B. No. 20 is the controlling law regarding the appellants' underinsured motorist claims, we would be permitting a subsequent legislative enactment to intervene and change the law and coverage contracted for in policies that were in effect at the time of the accidents. That result would permit Am.Sub.S.B. No 20 to abrogate the terms (coverages) of an insurance contract that was agreed to, entered into, and paid for before the date that the legislation became effective. This we decline to do. Ross, supra, at 289, 695 N.E.2d 732."
We now hold that under R.C. § 3937.18 as amended by Senate Bill 20, an insurance policy exclusion that limits uninsured/underinsured motorists coverage to bodily harm or death sustained personally by an insured is valid. This is in keeping with our pronouncement in King v. Western Reserve Mutual CasualtyCo. (March 15, 1999) Monroe County, Nos. 805, 806, 907, unreported. Likewise in keeping with our decision in King is the finding that, while an insurance company may so limit coverage, it is not forced to do so. In King, one of three appellants' policy language clearly barred coverage under his own uninsured motorist provision. The King appellant's language presented a virtually identical scenario to the language found in all three current Appellants' policies. However, in King, coverage was arguably available for two of the three appellants because their own insurance contacts did not appear to limit coverage so that payment would only be made to an insured who himself sustained bodily injury or death. In regards to those two appellants, we held in King at page 10:
 "Although R.C. 3937.18 sets forth the minimum requirements for underinsurance motorist coverage, the statute does not operate to preclude an insurer from providing broader coverage than that required by law. See Smith v. Heritage Mut. Ins. Co. (1988), 48 Ohio App.3d 67, 69; Berry v. Motorist Mut. Ins. Co. (1983), 13 Ohio App.3d 228, 230. It follows from what we have already stated that had Western Reserve sought to restrict its coverage to those situations where bodily injury is suffered by an insured, such a restriction would have been entirely valid under R.C. 3937.18. However, the language used in the policies issued by Western Reserve to appellant Michael and Clayton King does not restrict coverage to insureds suffering bodily injury."
Under the language as found in the three current policies presented in the record, it is self-evident that the language in the uninsured motorist provisions and the definitions sections restrict coverage under these sections to an insured who personally suffers bodily harm. Thus, our King decision operates to bar all three Appellants from coverage.
In a footnote to King and in clarification of our earlier decision in Spence, this Court noted that from the record we could not discern whether the policies involved were renewals or continuations of policies in force prior to the statutory amendment and thus, did not need to address the issue of whether a renewal constituted a new policy or a continuance of an old policy. We are able from the record here to discern that at least one policy, Appellant Spence's, was a renewal of a policy that lists January of 1988 as an anniversary date. The other two policies do not contain such a notation and simply set forth their effective dates. No party raises this issue, either to the trial court or on appeal. Thus, the issue is waived in this appeal. Nonetheless, because of our earlier pronouncement in Spence, we must here state that based on our holding that the amendment to R.C. § 3937.18 is valid as to Appellants' insurance contracts, and based on the decision of Beagle v.Walden, supra, wherein the amendment was found constitutional, without more it is evident from the record and unrebutted by either party that the language found in Appellants Lumbatis' and Cox's policies which were in force after the amendment to the statute and at the time of the accident on their faces bar recovery to Appellants.
As regards Appellant Spence in this case, it is patently absurd to argue that, inasmuch as his policy was initially entered into in 1988, we must be governed in this matter by the law in effect in 1988. Further, as Appellant Spence's policy clearly states that he may not collect under his uninsured motorist provision unless it is an insured who has sustained bodily injury, this language falls squarely within our holding in King and precludes Appellant Spence from coverage. We note that this language is found on an endorsement dated October, 1994 and which explicitly states, "This endorsement changes the policy. Please read it carefully." As Appellant does not dispute that he received this endorsement at least on or before his renewal of July 18, 1995, this language would have become effective on the date of renewal and acceptance by Appellant in the form of payment of insurance premium. This assumes, arguendo, that the endorsement contained a change mid-term of a one year policy of insurance. For our present purpose, it is enough that the language was valid and effective on the date of decedent's fatal accident.
Moreover, although not expressly dealt with in our earlier pronouncement in Spence, this decision comported with R.C. § 3937.31 (A). This statute discusses a two-year policy period for automobile insurance. This section states, in part:
 "Every automobile insurance policy shall be issued for a policy period of not less than two (2) years or guaranteed renewable for successive policy periods totalling not less than two (2) years . . ." (emphasis added).
Reading this section together with the amendments to R.C. § 3937.18, it would appear that even with a policy containing six-month (or less) renewals, the terms and conditions of an initial contract of insurance will run for a two year period and during this period subsequent renewals will not be construed as a new contract within the two years. Thus, in Spence, supra, the renewal of Mr. Spence's policy did not trigger the operation of R.C. § 3937.18 as amended. Mr. Spence's policy of insurance was initially contracted for prior to the April, 1995 renewal date. This renewal was found to be a continuing insurance contract allowing the pre-amendment law to control even though renewal took place after the date of the amendments.
While no Appellant raised this issue and it is waived here, we may see that Spence is easily distinguishable from the present Appellants' situation. Even though this matter revolves around the death of Mrs. Spence and all Appellants from both cases are siblings, one small fact separates the appellant in Spence and Appellants here; the lack of a two-year contract. As discussed earlier, the record does not reveal that Appellants Cox and Lumbatis' insurance contracts are renewals. Thus, from the record as presented below, we find a situation directly analogous to that presented in King, supra. Based on their own contract language the amendments to R.C. § 3937.18 are effective. As for our Appellant Spence, his initial policy of insurance was contracted for him in 1988. Assuming he had raised this issue below, the two year period discussed in R.C. § 3937.31 (A) would not be applicable to his policy and R.C. § 3937.18 as amended and his later renewal with the restrictive policy language operates as a new contract to bar the recovery he seeks here.
Inasmuch as the amendments to R.C. § 3937.18 have been held valid and enforceable, and as Appellants' policy language comports with the amendments to bar recovery from their own uninsured motorist coverage unless an insured under the policy himself sustained bodily injury, we affirm the decision of the trial court herein.
Vukovich, J., concurs.
Cox, P.J., dissents; see dissenting opinion.
APPROVED:
 ______________________ CHERYL L. WAITE, JUDGE