The Ohio Supreme Court has unequivocally held that:
 The validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation arose.
Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, paragraph two of the syllabus. In my view, Kraly invalidates the contractual limitations provision at issue here, at least with respect to claims for underinsured motorist coverage, because a claim for underinsured motorist coverage will never arise on the date of the accident, which is the date from which the contractual limitations period here is measured. For this reason, I must respectfully dissent.
I entirely agree with the majority's assertion that a two-year contractual limitations period can be reasonable and appropriate. The question Kraly raises, however, is when the two years are measured from. If the date from which the limitations period is measured does not coincide with the date the cause of action arose, there is a possibility that the limitations period will expire before the plaintiff's cause of action even arises. This is the injustice Kraly sought to avoid.
Kraly unarguably involved a unique factual situation * * *, Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, 287, but a similar situation arises whenever the contractual limitations period on an underinsured motorist claim is measured from the date of the accident. A claim for underinsured motorist coverage cannot arise until the tortfeasor's insurance has been exhausted, sometime after the date of the accident.[1] Therefore, a limitations period measured from the date of the accident will never commence on the date the insured's right of action for underinsured motorist coverage arose. Under Kraly, such a contractual limitations provision is invalid. Kuhner v. Erie Ins. Co. (1994), 98 Ohio App.3d 692,697-98; Motz v. Erie Ins. Co. (Mar. 12, 1996), Franklin App. No. 95APE09-1144, unreported; Dietrich v. Nationwide Mut. Ins. Co. (Nov. 15, 1995), Hamilton App. No. C-950042, unreported.
Instead of invalidating the contractual limitations provisions before them and applying the fifteen-year statute of limitations ordinarily applicable to contract claims, the courts in Kuhner, Motz, and Dietrich corrected the contractual limitations period so that it ran from the date the plaintiffs' causes of action arose. While I question the appropriateness of this procedure, I will not address that issue at this time. Plaintiffs' action here would be timely under either measure.
Finally, I cannot accept the majority's assertion that the two-year statute of limitations for wrongful death actions would somehow limit appellants' claim for underinsured motorist coverage against their own insurer. The claim against the underinsured motorists insurance carrier is a contract claim, which is subject to a statute of limitations for contracts. The underlying claim against the underinsured motorist was a wrongful death claim, subject to this statute of limitations. Cf. Holt v. Grange Mut. Cas. Co. (1997), 79 Ohio St.3d 401. To the extent that appellants were required to bring their claim against their insurer within the limitations period applicable to the underlying claim in order to protect their insurer's right of subrogation against the tortfeasor, appellee concedes it waived the right of subrogation against the tortfeasor. Therefore, the limitations period applicable to a claim against the tortfeasor is irrelevant.
For these reasons, I would reverse the trial court's decision and remand this matter for further proceedings.
[1] Appellant has not conceded that his own cause of action arose on the date of the accident, as the majority claims. Appellant's reply brief plainly argues that his cause of action accrued some months after the accident, when the tortfeasor's insurance was exhausted by settlement.